NEW-YORK,
May 1810.

VAN ALEN and
another
v.
VANDERPOOL
and others.

</div>

</div>

<div align="center">

VAN ALEN and another *against* VANDERPOOL and others.

</div>

THIS was an action of *assumpsit*. The declaration contained two special counts, besides the general counts. 1. That the defendants, on the 30th *November*, 1807, were *common carriers* of goods, for profit, from *Schodack* to

<div align="right">

When a person receives goods, as an agent or factor, to sell for another, without any special instructions to sell for cash and not

</div>

on credit, he may sell on credit, for the period usual in the market; and in case he sells on credit in the usual manner, and uses due diligence to ascertain the solvency of the purchaser, he will not be responsible, should the vendee afterwards prove insolvent.

NEW-YORK,
May, 1810.

VAN ALEN and
another
v.
VANDERPOOL
and others.

the city of *New-York*, and from *New-York* to *Schodack*, by
water, in the sloop *Caty Maria*, and for a reward. That
the plaintiffs were possessed of 300 bushels of wheat, of
the value of 400 dollars, and at the special instance and
request of the defendants, delivered the wheat to the de-
fendants, to be by them safely conveyed from *Schodack*
to *New-York*, for a reasonable compensation, and there to
be sold by the defendants for the best price to be got, in
money, and to account for and pay the money to the
plaintiffs. That the defendants, in consideration thereof,
then and there undertook and promised safely to trans-
port the same wheat to *New-York*, and there to sell the
same, for the best price in money ; and to account for
and pay the moneys to the plaintiffs when requested ; and
the plaintiffs averred that the defendants, afterwards, on
the 10th *December*, 1807, at *New-York*, sold the wheat
for 400 dollars ; *yet*, that they had not paid the money
or accounted for the same, &c. although often request-
ed, &c.

2. That the plaintiffs, on, &c. at, &c. had delivered to
the defendants other 300 bushels of wheat, of the value
of 400 dollars, to be sold by the defendants for the plain-
tiffs, for the best price, and to account, &c. and that
the defendants in consideration, &c. undertook and pro-
mised the plaintiffs to sell the same for the best price, and
to pay the moneys, &c. when requested, &c. The plain-
tiffs averred, that the defendants sold the wheat for 400
dollars, at *New-York* ; yet, that they had not paid the
moneys or accounted for the same, &c. although request-
ed, &c.

At the trial, the plaintiffs gave in evidence four receipts,
signed by the defendants, acknowledging to have received
of the plaintiffs 162 bushels and 35 pounds of wheat in
store ; and the defendants' counsel admitted they re-
ceived the wheat, carried it to *New-York*, in their sloop,
and sold it to *John Townsend*, on credit, and took a note
for the same, payable in 90 days, to themselves. It was

3

admitted by the plaintiffs, that *Townsend* was then in good credit, but failed, before the note became due, and that the defendants had not received any part of the money. The plaintiffs then offered to prove that the defendants were directed to sell the wheat for cash. This evidence was objected to, but admitted. The plaintiffs then proved, that when one of them brought a load of the wheat in question to the store of the defendants, on the dock, he said he wanted money for it ; and that if he could not get the money there, he would carry the wheat to *Schermerhorn's*, where he could have the money for it ; that one of the defendants said, that as soon as his vessel (then at the wharf) returned from *New-York* the plaintiffs should have the money, for as much wheat as they could bring, and that he would write to another of the defendants at *New-York*, to bring the money ; that he had not the money at that time to spare.

NEW-YORK,
May, 1810.

VAN ALEN and another
v.
VANDERPOOL and others.

The defendants' counsel moved for a nonsuit, which was refused by the judge ; who said that the evidence amounted to an absolute sale of the wheat to the defendants ; and that the plaintiffs were entitled to recover under the count for wheat sold and delivered.

The defendants then proved, that one of them alone, was owner of the store on the dock, that he never bought wheat, and that the other defendants alone were owners of another store, which was for dry goods, and they put their wheat into the store on the dock. This evidence, though objected to, was admitted ; and the plaintiffs were then nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*Van Buren*, for the plaintiffs.

*Foot*, contra.

*Per Curiam.* The testimony in the case does not warrant the ground taken at the trial, that here was

NEW-YORK,
May, 1810.

VAN ALEN and
another
v.
VANDERPOOL
and others.

a *sale* of the wheat to three of the defendants. The non-suit was granted on the assumption that there had been a sale to three only of the defendants, and that this evidence did not correspond with the contract declared on. This may be the import of the *parol* testimony, but the receipts given by, or in behalf of all the defendants, subsequent to the loose conversation alluded to by the witnesses, are a higher species of evidence, and ought to control the other. According to the receipts, the wheat was received *into the store*, as the wheat o the plaintiffs; and we must conclude that it was taken upon freight, to be carried to *New-York*, and sold by the defendants, as agents or factors, for the plaintiffs. The cause then ought to have been submitted to the jury, on the point, whether the conversation between one of the plaintiffs and one of the defendants, when one load of the wheat was delivered, amounted to an instruction to the defendants not to sell on credit. Such a special instruction was necessary; for otherwise, the agent selling on a usual credit, to a person known and approved in the market, would not be responsible for the solvency of the vendee.

The defendants received the wheat to carry to *New-York* and sell, as agents and factors to the plaintiffs; and whenever persons are so employed, it is to be understood, without special instructions to the contrary, that they are employed to do it in the usual manner; and consequently, they may sell on credit without incurring risk, provided they do not unreasonably extend the term of credit, and provided they make use of due diligence to ascertain the solvency of the purchaser. The authority of a factor to sell on credit, is not to be disputed. (*Scott* v. *Surman*, *Willes's Rep.* 406. 6 *Term Rep.* 12. *Russel* v. *Hankey*. 1 *Camp. N. P.* 258.) Whether the evidence showed a special instruction to sell for cash, was the point that should have gone to the jury. After laying down the

general rule on the subject, the court do not mean to give any opinion on the evidence, as to that point, in this case; but they wish to leave it unbiassed for a future trial.

We are, accordingly, of opinion, that a new trial be awarded, with costs to abide the event of the suit.

New trial granted.