UTICA,
Aug. 1825.

Corlies
v.
Cumming.

CORLIES and WIDDIFIELD *against* CUMMING.

ASSUMPSIT, tried at the *New-York* circuit, *June 24th*, 1824, before EDWARDS, C. Judge.

At the trial, the following facts appeared : The plaintiffs, being commission merchants in *Philadelphia*, the defendant left with them in the autumn of 1820, and winter of 1820 and 1821, a quantity of cheese, to sell on commission. In *December*, 1820, the plaintiffs advanced to the defendant $900 upon the cheese ; for a balance of between 300 and 400 dollars, of which this action was brought. The plaintiffs made various sales of the cheese, and (among others) *March 9th*, 1821, sales to one *Kellogg*, on a credit of 90 days, to the amount of $799,53. They, at the same time, sold him other cheese, belonging to another of their principals, one *Brown*, and took from *Kellogg* one note, payable to themselves, for both. After the sale, the plaintiffs changed the first note for two notes drawn by one *Dickson*, and endorsed by *Kellogg*, for part of the sum due to the defendant, and *Kellogg's* sole note for the residue. But all these notes were payable a few days earlier than the note given upon the sale. The testimony was somewhat doubtful as to the fact of the price for *Brown's* cheese being included in the first note. The judge charged the jury, that if they believed this to be the fact, they should find for the defendant ; and they found for him accordingly, stating this to be the ground of their verdict.

Various other evidence was given, and questions raised upon the trial, and included in the case made by the plaintiffs ; on which a motion was now made for a new trial. But, as the above, with those which are stated in

The sale of several parcels of goods by a factor, belonging to several of his principals respectively, on a credit, to one person, and taking one note from the vendee for the whole, payable to himself, will not, *per se*, render him liable to his principals.

The note does not extinguish the demand, for goods sold, but leaves each principal to his usual remedy.

Nor will the factor's giving up the note, and taking others, payable earlier, or at the same time with the first, render him liable, provided he still retain the name of the vendee, either as maker or endorser.

A factor, advancing money, and having goods in his hands, is not confined in his remedy for his advances, to the mere fund deposited, but gives a joint credit to the fund and the person of his principal. Yet, from the nature of the contract, resort must first be had to the fund, if it can be made available.

UTICA,
Aug. 1826.

Corlies
v
Cumming,

the opinion of the Court, are the only facts material to the law of the case, it is not necessary to give any others.

The principal points now argued, were, whether the defendant was entitled to his verdict on either of the grounds above stated, viz. the joining of the demand against *Kellogg*, in the same note with that against *Brown*, or the subsequent change of security.

*Ketchum & Fessenden*, for the plaintiffs, insisted that he was not ; and that the plaintiffs' liability should stand on the ordinary question between factor and principal; that is, whether the factor has discharged his duty with becoming vigilance and fidelity, or whether he has been guilty of fraud or gross negligence. (3 *Caines*, 226. *Pal. on Ag.* 26. *M'Kinstry* v. *Pearsall*, 3 *John.* 319, 321. *Schenckhouse* v. *Gibbs*, 2 *Dall.* 136, note. 4 *Dall.* 136, *S. C. Goodenow* v. *Tyler*, 7 *Mass. Rep.* 36. 1 *Livermore on Agency*, 85. *Willes*, 400. *Favenc* v. *Bennett*, 11 *East*, 36. 5 *Com. Dig. Merchant*, p. 76, *new ed.* 15 *Ves.* 439. 2 *Bl. Com.* 405. 4 *Cowen*, 205. 1 *Caines*, 43. 6 *John.* 69. *Russell* v. *Hankey*, 6 *T. R.* 12. 1 *Pick.* 343. *Burrill* v. *Philips*, 1 *Gall. Rep.* 360.) That an action will lie, without first resorting to the fund pledged, they cited 1 *Str.* 919, and 1 *Gall. Rep.* 362, 3.

*D. Lord*, jun. contra. The plaintiffs cannot maintain this action, till they shew that the fund has failed them without their fault. (17 *John.* 38.)

Blending in one security, the sales of the defendant's property, with those of another, made the plaintiffs accountable for the amount of the sale. By changing the securities, the plaintiffs made themselves accountable. These are rules of law. (*Toll. L. E.* 425, *tit. devastavit. Wall* v. *Buckley*, 2 *Ch. Rep.* 97. *Floyd* v. *Day*, 3 *Mass. Rep.* 403. *Wren* v. *Kirton*, 11 *Ves.* 377. *Massey* v. *Banner*, 1 *Jack. & Walk.* 241.) In *Jackson* v. *Baker*, (*C. C. U. S. April*, 1806, *M. S.*) a note of which, is furnished in *Whart. Penn. Dig. Agent*, 28, it was decided, that if a

factor sell on credit, and take a bond for the amount, blending with it another sum due to himself, the principal is not obliged to wait till the factor has recovered the money, but may sue the factor at once. (*a*)

(*a*) The following note of this case, has been furnished to the counsel, by the Hon. *Richard Peters*, and was produced on the argument of the principal case :

JACKSON
v.
BAKER.

Circut C ourt of the *United States ;*
*Pennsylvania* District, *April*, 1806.

The plaintiff consigned a number of boxes of hats to the defendant, to sell. The only question in dispute, was, as to one box, which the defendant sold on credit, for $211 ; the amount of which, he included in a bond, taken to himself from the purchaser, for a much larger sum due to the defendant personally.

*Hallowell*, for the defendant, insisted that the plaintiff ought not to recover the $211, as he had not yet received it from the person who purchased ; and, that his taking a bond for the amount, made no difference. (*Price* v. *Ralston*, 2 *Dall.* 60.)

*The Court* stopped *Meredith*, who was for the plaintiff ; and informed the jury, that the defendant ought either to have paid this money to the plaintiff, or enabled him to look to the purchaser. But that he had not done the former, and had disabled himself from doing the latter. That the plaintiff could not have sued the purchaser, because the simple contract debt was extinguished by the bond ; and the defendant, having mixed the debt due to himself and to the plaintiff, in one bond, taken in his own name, that the plaintiff had no remedy on the bond ; and it does not appear that any offer was made to assign the bond. If the plaintiff cannot recover from the defendant now, when can he recover ? Sue him when he pleases, the defendant may keep him at arm's length, by saying, " I have not yet collected the money ;" whereas, the debt, having been originally due to the plaintiff, he might have sued for it, at any time, in his own name, if he had not been prevented by the conduct of the defendant, who, if he is the cause why the plaintiff cannot sue the real debtor, makes himself the debtor.

The jury found accordingly for the whole sum.

JACKSON
v.
BAKER.

Rule for a new trial : 1st. Because the defendant was not answerable until he should have received the money. (2 *Dall.* 60.)

2. That *indebitatus assumpsit* for money had and received, will not lie in this case.

On the first point, I repeated what was stated in the charge to the ju-

UTICA,
Aug. 1826.

Corlies
v.
Cumming.

*Curia, per* WOODWORTH, J.   The defendant deposited a quantity of cheese with the plaintiffs, as factors, upon which they made an advance of $900.   Whether the plaintiffs can sustain an action to recover back the advance, before any attempt is made to reimburse themselves by a sale, it is not material to decide.   If it be admitted they can, the question arises, have they made themselves liable for the cheese sold ?  If they have, it becomes a subject of set off, which more than satisfies their claim.

As to the law on this point, I entirely concur in the principle laid down by Mr. Justice *Story*, in *Burrill* v. *Phillips*, (1 *Gall*. 360 ;) that the mere relation of principal and factor does not confine the rights of the latter to recover for advances, to the mere fund deposited ; but that such advances are made on the joint credit of the fund and the person ; to which I would add this qualification, that from the nature of the contract, resort must first be had to the fund, if it can be made available, before the principal is liable.

There does not appear to be any sufficient ground, from the evidence, for charging the plaintiffs with negligence, or the want of reasonable care and prudence in making the sale to *Kellogg*.   The cause was fairly submitted to the jury ; who, by their verdict, have, in this respect, approved the plaintiff's conduct.

ry.*  2nd. That by the conduct of the defendant, in extinguishing the original debt, and destroying all privity between the plaintiff and the person to whom the goods were sold, he is to be considered as a receiver of that debt to the use of the plaintiff, as much so as if he had released the debt.

Rule discharged.

---

* The principal ground used on the argument for a new trial, was, that the plaintiff ought to have demanded the bond before he brought the suit. The court, in answer, observed, that if a bond had been taken for this debt, alone, the argument might have weight in it.   But, as it was mixed with the defendant's money, such demand was unnecessary, because the plaintiff could not have compelled the defendant to deliver the evidence of a debt due to the defendant, though, in part, it contained money due to the plaintiff.

The judge, in his charge, submitted to the jury a question of fact, upon which he expressed an opinion, that if the plaintiffs did, in the first instance, include the amount of the defendant's cheese, with that of another person, in the same note, they ought to find for the defendant. They found for the defendant; and stated the ground of their verdict to be, that the plaintiff's took from *Kellogg*, one note, for the amount of the defendant's and *Brown's* cheese.

On this statement two questions arise; 1. Whether the verdict is against the weight of evidence; 2. If it is not, whether the law was correctly laid down by the judge.

Before I consider these questions, I will dispose of that part of the case, in which it appears that, a considerable time after the sale to *Kellogg*, the plaintiff, for reasons not stated, changed the notes originally taken, and accepted in their stead, notes drawn by *Dickson* and endorsed by *Kellogg*; and one note drawn by the latter. These notes were all payable a few days before the expiration of the 90 days, the credit originally given to the purchaser. It is probable the exchange was made to improve the security. It might have been beneficial, but could not be prejudicial. Whether drawer or endorser, *Kellogg* was still holden. The time of payment was not extended; and the securities were equally available to the defendant, with that taken in the first instance. The plaintiffs did not, by this act, therefore, make themselves liable for the loss.

As to the question of fact, *Meade* testified, in answer to the sixth interrogatory, that the plaintiff sold to *Kellogg* a quantity of cheese belonging to one *Brown, the amount of which was included in the same note with the defendant's;* and that the plaintiffs guaranteed to *Brown* his share of the note. This witness was a clerk of the plaintiffs, at the time of sale; and so continued until 1823. He did not know what became of the note; nor did he recollect the date or amount; but he believed it had 90 days to run. As to this witness, it may be observed, that from his situation, correct information as to the manner of tak-

ing the note was to be expected.  *Kellogg*, the purchaser, swears that he gave his note to the plaintiffs for a quantity of cheese, the amount a few cents short of $800; that about the same time, and a little before, he purchased another parcel to upwards of $800; and gave his note to the plaintiffs.    That after the notes became due, and in the summer following, he made an exchange, by giving *Dickson's* note and his own note for a part, payable to a clerk of the plaintiffs, on demand.   This evidence is certainly contradictory to *Meade's*.   The jury have passed on their relative credibility.   There is ground to question the accuracy of *Kellogg's* recollection.   I think it evident he was mistaken in supposing he gave a note, on the exchange, to the plaintiffs' clerk, or that it was payable on demand.   The notes exhibited to *Meade*, on his examination, were *Dickson's* notes to *Kellogg*, and *Kellogg's* note to the plaintiffs, each at 90 days.   They correspond in amount with the sales, and are presumed to be the notes referred to.   It is therefore apparent, that perfect reliance cannot be placed on *Kellogg's* recollection.   The jury reposed more confidence in *Meade's* testimony.   It was within their province.   I cannot say that the verdict was not warranted by the evidence.

As to the next question, I am inclined to think the plaintiffs are not liable by reason of including the two demands in one note.   A factor is not obliged to disclose to his purchaser the name of his principal, or that he sells as factor.   He may, or may not take an instrument in writing as evidence of the debt.   He may maintain an action in his own name for the price of the goods, and give a valid discharge.   (*Cowp.* 255.)   It is equally certain that the principal may come forward at any time before payment to the factor, and arrest his right.   An action may be supported against the vendee in his, (the principal's) name. (*id.*)   The factor has authority to sell on credit, for the period usual in the market, unless prohibited by his instructions; (6 *John.* 69;) and will not be responsible, if he appear to have acted with reasonable care and pru-

dence; and has not been guilty of breach of orders, negligence, or fraud.

Now, then, can the fact, that a note was taken for two demands, be material, unless the principal has been injured by this? If the factor had omitted to take any note, he would not, for that omission, be responsible. The sale in that case would have been charged in his books; the principal might sustain an action on it in his own name, or give information to the purchaser, and forbid payment to the factor. All these rights remained after the note was given. It is well settled, that giving a promissory note for goods sold, is not a payment or extinguishment of the demand, unless such was the agreement of the parties. (5 *John. Rep.* 68.) The defendant, then, had, notwithstanding the note, a remedy against *Kellogg* by action. Why should the taking of a note which the factor might justifiably have omitted, be considered an act absolutely charging the factor? All the remedy the principal had a right to claim, still remained. If it had appeared that the principal had demanded the note taken for his goods, and the factor had refused to assign it, or to allow the principal the benefit of it, that would present a different question. Then, indeed, the imprudence of having taken but one note for several demands, would be manifest, inasmuch as the factor thus put it out of his power to assign to each of his principals. By pursuing such a course, he incurred the risque of not being able to perform what his principals had a right to demand. Although not required to take a note in the first instance, yet having taken it, the principal would be entitled to the security, so as to enable him to pursue the course deemed advisable. But that case never occurred. *Kellogg* became insolvent. He was unable to pay any thing. Whether prosecuted on the note, or for goods sold, the result would be the same. The defendant never requested an assignment. The note was of no value. From the evidence, it is clear that the defendant has not sustained, nor was it possible that he could sustain, any injury by this act of the factor. He has never demanded the note or intimated a desire to obtain an assign-

ment. He has not put the factor in default by a refusal. His claim rests singly on this ; that the amount of the defendant's sales was included in one note with *Brown's* demand. I apprehend the principle contended for by the counsel for the defendant, cannot be supported, either on the ground of expediency, policy or justice. I am not aware that in a case like the present, it has ever been recognized.

In the case of *Goodenow* v. *Tyler*, (7 *Mass. Rep.* 36,) the factor took a note payable to himself.   By the laws of *Massachusetts*, where a negotiable note is taken to secure the payment of money due by simple contract, it is merged in the note.   Yet it was held that the factor was not answerable to his principal for the value of the goods ; that although the remedy against the purchaser was changed, yet the relation between principal and factor, was not affected.

My opinion is, that, independent of usage, the plaintiffs did not, by taking the note, make themselves liable.   A new trial must be granted, with costs to abide the event.

New trial granted.