JOHN ROLLINS, J. G. ROWE and JONATHAN CHASE, Appellants, against WILLIAM W. PHELPS and CHRISTOPHER GRAHAM, Respondents.

#### APPEAL FROM THE DISTRICT COURT OF GOODHUE COUNTY.

In a written contract, the parties of the second part are described as "agents authorized by the log owners." The party of the first part agrees to raft certain logs, and the parties of the second part agree to pay him, and furnish him money and supplies. The logs were marked with the names of the owners, but the contract does not disclose the names of the persons for whom the parties of the second part were agents. Three of the four parties of the second part sign the contract with the addition of "agent" to each name. The fourth does not sign, and nothing appears to explain why his name is omitted. *Held*, that the contract upon its face is that of the parties who sign, and not that of the log-owners. First, because it does not disclose who the principals are, and, second, because it appears that the log owners had constituted four persons as their agents to make the contract, and only three of them had joined in it.

It is a general rule that where a private agent so executes his authority as not to bind his principal, he will be himself liable for his acts; but in the case of public agents a majority may usually act.

An authority conferred upon several private agents must be executed by them all, and any act done by a less number will be void as against the principal.

A party is not obliged to follow up every channel of information to discover a principal when contracting with parties who place themselves in the position of principals by their written contract.

## Points and Authorities of Appellants.

I.—The Court below erred in holding that the defendants were personally liable upon the written contract above set forth.

II.—The said written contract shows upon its face clearly and conclusively that the Defendants, the parties of the second part thereto, entered into the same only *as* agents of other parties.

*a.* In case of unsealed instruments, if it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal, and not to bind the agent, Courts of justice will adopt that construction of it, however informally it may be expressed. *Story on Agency, sec.* 154.

*b.* If the contract is made in such a manner as directly to bind the principal, the agent will not be bound personally. *Story on Agency, sec.* 275.

*c.* It is not necessary that the parties to a written agreement should be *expressly named*, if there is anything in the

instrument itself, or in the notice of the transaction, which shows who are the parties. 5 *N. Hamp. R.* 540.

*d.* The parties (principals) of the second part to this agreement were those persons who owned the logs then lying in Vermillion Slough.

*e.* Those persons were capable of being designated by the marks on the logs and the record of the same in the office of the Surveyor General of Logs and Lumber. *Session Laws of* 1854, *chap.* 16, *sec.* 16.

*f.* This contract gave the party of the first part a *lien* upon the said logs to secure him the pay for his services. *Session Laws of* 1855, *chap.* 16, *secs.* 19 *and* 21.

Points and authorities of Respondents:

1st.—The Appellants are personally responsible and liable to the Respondents upon the instrument in writing introduced in evidence, from the terms of the instrument itself, and a just construction of its intent and provisions. (See instrument in question.)

2d.—By the failure to question, or deny, by their answer, the agreement alleged in the complaint, (the same being therein averred to be the individual act of the Appellants,) the Appellants have, in this action, solemnly admitted their personal and individual responsibility thereon. So far as this action is concerned, the Appellants are bound by such admission. The question of a variance, (which, perhaps, might have been raised,) between the agreement alleged and proved, not having been made at the trial in the Court below, or urged before such Court, or alleged as a ground of error, the attempt now made to escape individual liability comes too late. It must be regarded by the Court, that having failed to deny their responsibility or question their liability as individuals, that the Appellants cannot escape the character they have voluntarily assumed, by admitting the truth of the complaint. The Appellants had no right to ask the Judge to charge that they were not individually liable, where they had admitted such liability in their pleadings. It was unwarranted by the condition of the case.

3d.—The Appellants are individually liable even upon the

agreement itself, (if, indeed, that instrument can be taken into account,) by the application to it of acknowledged legal principles. *Story on Agency*, s. 155, 269, 270, 276, 277, 280 to 291, *inc.*; see *particularly*, s. 155, 269, 276, 280, 282 *to* 291, *inc.; 23 Pick. Rep.*, *p.* 120.  See also, 3 *Wen.*, 94; 8 *Cowan*, 31; 2 *Wheaton*, 56, and the cases there cited. The credit in this case, it is apparent, was given to the Appellants, 1st. Because the principals were . unknown and undisclosed. 2d. Because they expressly and individually promised payment (see agreement), and made payment in part in person, and have not claimed to hold the principals. 2 *Kent's Com.*, *p.* 844; *Notes, Story on Agency*, before referred to.

4th.—The Appellants are liable because they do not disclose their principals. *Story on Agency*, s. 154, indicates how an agent may bind his principal. He (agent) must disclose who his principal is ; and the authority under which he acts as agent, must also be disclosed, or be inferred from official position or otherwise. The principals of the Appellants were unknown. 2 *Kent's Com.*, *p.* 818, *new paging* 630; 8 *Metcalf*, 456; *Story on Agency*, 267; 10 *Wend.*, 88.

5th.—The Appellants are personally liable because the papers disclose that the Defendants charged in the Court below failed to comply with the authority delegated by their pretended and unknown principals. From the contract proved, it appears that John Rollins, J. G. Rowe, Jonathan Chase and *Gilbert Hanson* were the agents of the log-owners, while only John Rollins, J. G. Rowe and Jonathan Chase executed the agreement. *Four* persons were the agents of the log-owners. *Four* persons represented their interests, and the concurrent and joint act of the *four*, without the clear proof of particular authority in a less number, could alone bind the log-owners, as principals, if known ; and the act of the three, being a less number, and in excess of authority, the three became personally responsible and liable. *Chitty on Contracts, p.* 224; 2 *Kent's new paging*, 634; *Green vs. Miller*, 6 *John.*, 39; *Story on Agency*, 842; 3 *Pick.*, 243; 2 *Pick*, 331.

D. A. SECOMBE, Counsel for Appellants.

W. W. PHELPS, Counsel for Respondents.

*By the Court.*—FLANDRAU, J.—The paper books furnished us in this case contain simply a copy of the contract on which the suit was founded. The pleadings are omitted as well as all the proceedings on the trial. It seems that the Plaintiffs obtained a verdict against the Defendants, the Court holding them personally liable upon the contract, and it is this ruling that they seek to review, upon the ground that they acted as agents, and their principals alone incurred liability. We are necessarily confined in our examination to this one question, and in that to the face of the contract alone.

The portion of the contract that is supposed to disclose the representative capacity in which the Defendants acted is this : " Contract between Calvin Potter, party of the first part, and John Rollins, J. G. Rowe, Jonathan Chase, and Gilbert Hanson, as agents, authorized by the log-owners, parties of the second part." The substance of the contract is, that the first party agrees to raft certain logs in Vermillion Slough, and the second party agrees to pay him for it, and furnish him money and supplies while at work, &c. It also appears from the contract that the logs were marked with the several marks of the owners. The Defendants sign the contract with their proper names, with the addition of " agent " to each name. The contract is not signed by Gilbert Hanson, and nothing appears to explain why his name is omitted.

The contract upon its face is that of the Defendants, and not the log-owners. First, because it is not disclosed who the log-owners are ; and, second, it appears that the log-owners had constituted four persons their agents to make the contract, and only three of them had joined in it.

"In order to confine the credit to the principal, it is in general necessary that he should be known as the responsible person." *Dunlap's Paley's Agency,* 370; 12 *Ves.* 352; 2 *Kent's Com.* 630. There is nothing in this contract that would lead the mind to suppose that the party of the first part gave the credit to the log owners, parties unknown to him, and who, if he should seek them out, might have been so numerous and so widely separated as to render the enforcement of his claims

Rollins, et als, v. Phelps, et al.

against them impracticable, while the whole tenor of the instrument indicates that the employment was a personal one, and so understood between the parties.   Although the parties of the second part describe themselves as the agents of the log owners, they make all the promises contained in their part of the contract in their own behalf, and not in the names of their principals, and sign the same with their own names. We think the authorities are clear that in contracts of this character the addition of the word "agents" to their names, is a mere *descriptio personarum*, and the obligation is a personal one.    *Taft vs. Brewster*, 9 *John. Rep.* 334; *White vs. Skinner*, 13 *Ib.* 307; *Stone vs. Wood*, 7 *Cowen*, 453; *Barker vs. Mechanics' Ins. Co.* 3 *Wend.* 94.

The case of *Sanborn vs. Neal, et al*, 4 *Min. Rep.* 126, involved the consideration of questions somewhat analogous to the one here presented; but in that case the instrument did disclose the name of the principal, and also, that the parties signing were public agents, and it was upon these features of the case that the signers were exonerated from personal liability.

It is a general rule that where a private agent so executes his authority as not to bind his principal, he will be himself liable for his acts.    *Dunlap's Paley's Agency*, 386; *Dusenbury vs. Ellis*, 3 *John. Cas.* 70; *Stone vs. Wood*, 7 *Cowen.* 453; *Palmer vs. Stephens*, 1 *Denio*, 471–480.

An authority conferred upon several agents must be executed by them all, and any act done by a less number will be void as against the principal.

" An authority given to two cannot be executed by one, though one die or refuse.   If an authority be to A, B & C, to sell after the death of D, and one die before D, the others cannot sell.    An authority to three jointly and separately is not well executed by two."   *Dunlap's Paley's Agency*, 177, *and notes.*

This rule is of general application to all matters of private concern, but does not extend to public affairs.    In the case of public agents a majority may usually act.    *Green vs. Miller*, 6 *John. Rep.* 69.

As we have seen, the contract shows that the authority was

conferred upon four and was executed by but three. Had it been properly executed in the names of the principals, it would have failed to bind them under such an execution; and when such fact is apparent, the party contracting with the agents may resort to their personal liability in the first instance.

The Defendants' counsel attempts to do away with the force of the objection that the principals were not disclosed, by the fact that the logs being marked, the Plaintiff could resort to the books of the Surveyor General, and there ascertain to whom the marks belonged. The law in force at the time of this contract on the subject of marks, was *section* 16, *of chapter* 16, *of the Laws of* 1854. This section only makes it the duty of the Surveyor General to keep a book for the record of marks, and to record such as are filed with him. These marks may or may not have been recorded, from anything that appears; but we are not willing to allow the force claimed for these marks, even had it appeared that they were duly recorded. A party is not obliged to follow up every channel of information to discover a principal, when contracting with parties who are willing to place themselves in the position of principals, as these Defendants have done by their contract.

The order denying a new trial is affirmed.