## IVINSON *v.* HUTTON.

PRACTICE—CHANCERY.—Where a bill of complaint in chancery showed upon its face that complainant had a remedy at common law: *Held*, that the court erred in not sustaining a general demurrer to the bill.

IDEM.—Striking out certain words from the original bill of complaint, especially where it is not again verified, is not an amendment of such bill.

IDEM.—Neither is it such an alteration or amendment as could change the jurisdiction from a court of common law to a court of chancery.

IDEM.—If a demurrer is sustained to a bill of complaint, and complainant, by permission of the court, amends the bill, the court has no power to limit the defendant's time to answer. That is fixed by law.

APPEAL from the Second District Court for Albany County.

*W. W. Corlett and S. W. Downey*, for appellant.

The appellant seeks a reversal of the judgment and decree of the district court in this cause for the following errors of the district court, which it is alleged appear in the record in this cause, and which are claimed to be material errors and prejudicial to the appellant:

I. The court erred in ordering the defendant to plead to the so-called amended bill of complaints. There was error in this for two reasons: 1. Because the amendment to the bill was not properly made, and left the bill as amended without being sworn to; 2. Because when the court made the order, the defendant, under the statute, was entitled to notice of the filing of the amended bill, said notice to be served on him, and after receiving such notice, was not bound to file an answer until the fifth Monday thereafter. But neither the notice nor the time was given. Upon the first error assigned see the following: Code of Civil Procedure of 1869, secs. 761, 762, p. 113; 1 Daniels Ch. Plead. and Prac. 402, 403, note; *Rogers* v. *Rogers*, 1 Paige, 424; *Whitmarsh* v. *Campbell*, 2 Id. 67.

II. The court again erred in overruling the defendant's demurrer to the amended bill, and in ordering the defend-

ant to answer the amended bill by September 17, 1873: 1.
For the same reasons as those given in relation to the first
error above; and, 2. For the reason that the bill of com-
plaint was wholly defective, and did not state a case in
equity.   See authorities cited under the first error assigned
above: Daniels Ch. Plead. and Prac. 374; *Watson* v. *Cody*,
1 Wis. 420; *Prescott* v. *Everts*, 4 Id. 314; *Conners* v. *Con-
ners*, 4 Id. 112; Story's Eq. Pl., secs. 251, 800; *Laycroft* v.
*Dempsey*, 15 Wend. 83. An examination of the bill of
complaint in the cause will show that it wholly fails to point
out and specify the item or items of the account as ad-
justed, wherein it is alleged the mistake occurred: *Herne* v.
*New England Mutual Ins. Co.*, Chicago Legal News, Jan.
30, 187-, p. 145, Sup. Ct. of U. S., October term, 1874.
Nothing is better settled in chancery pleading than the fact
that a bill is radically defective and demurrable which does
not show wherein an account is erroneous before applica-
tion can be made to open the account.   Again the bill was
defective and demurrable, because although it sought to
have an account which it alleged had been stated and set-
tled between the parties anew by the court, it failed to first
apply to have the account so stated and settled opened
with leave either to surcharge or falsify.   On this question
see Daniels Chan. Pl. and Pr. 691-3 and cases there cited.
When the first demurrer was sustained, it may well be ques-
tioned whether the complainant could bring himself within
the jurisdiction of a court of equity by simply striking from
his sworn bill those averments which disclosed that he had
an adequate remedy at law, for which reason the court sus-
tained the first demurrer: Daniels Chan. Pl. and Pr. 623.

III. The third error complained of is that the court re-
ferred the case to a special master, when on the pleadings
there was no issue of fact upon which evidence should be
taken, there being no replication on file in the case at the
time.. Besides, no authority can be given to a master in
this territory to report findings of fact from evidence taken
before him: See Code of Civil Procedure of 1869, sec. 759.

IV. The fourth error complained of is that the court erred in permitting the complainant to file a replication after the evidence was all taken, and the case ready for hearing and argument on the report of the master and the evidence. The replication, it will be noticed, states that it is filed as of the September, 1873, term, thus making the filing *nunc pro tunc.* The order of the court herein, it will be observed, does not permit it to be filed *nunc pro tunc.* Upon this error assigned, see Daniels Ch. Pl. and Pr. 826; *Childs* v. *How*, 1 Clark, Iowa, 432; *Rogers* v. *Mitchell*, 41 N. H. 154; *Pierce* v. *West*, 1 Peters C. C. R. 531; *Pickett* v. *Chilton*, 5 Manf. 467; *Scott* v. *Clarkson*, 1 Bibb, Ky. 277.

V. The fifth and sixth errors assigned in this case virtually involve the same point. The fifth being that the court erred in confirming the report of the special master, and the sixth being that the court erred in entering a decree for the complainant in the case. The questions presented here, of course, involve many minor ones relating, in part, to the action of the special master, the admissibility, and effect of the whole and certain portions of the evidence taken, and the form and extent of the decree, as well as the right of the court to enter any decree in the case, save one of dismissal. The defendant, in his answer, insisted upon the fact that a court of equity had no jurisdiction, and asked, notwithstanding that his demurrer was overruled, that he might have the benefit of the fact on the hearing. That this question may be taken advantage of on the hearing, admits of no doubt: See Story on Equity Pleading, section 447. Effect of appeal in chancery: See *Pierson* v. *Wilson*, 2 G., (Iowa) 20; *Stockwell* v. *David*, 1 G. (Iowa) 115; *Austin & Spicer* v. *Carpenter*, 2 G. (Iowa) 131-5; Hil. New Trials, Appeals.

*J. W. Kingman,* for appellee.

The final decree alone can be appealed from, and not the interlocutory orders or rulings during the progress of the case: See Code of 1873, sec. 700; 2 Daniels Chan. Prac.

1459, 1462, note, 1472, 1477, 1485, 1488. This is not an appeal as now presented; but a writ of error as at common law.

By Court, FISHER, C. J. This was an appeal from the district court of Albany county. The parties had been partners in the buying, raising and selling of cattle, horses, etc., under certain terms not set out either in plaintiff's bill or defendant's answer. It is, however, set out, that on or about the twelfth day of April, A. D. 1873, they entered into a stipulation for the dissolution of the said copartnership by the terms of which they agreed that the defendant was to pay the amount which the plaintiff had contributed to the capital of the firm, and five thousand dollars in addition thereto, as a bonus for the use of plaintiff's money and his service as a member of the firm. The bill originally alleged that upon a statement of the accounts being made by the clerk of the firm, that they agreed that if any error should be discovered that they would mutually correct it.

The plaintiff's bill alleged that on the evening of the day on which the contract of dissolution was signed by the parties, that a mistake was discovered by the accountant, by which the plaintiff had lost, by the terms of the statement, four thousand and thirty-six dollars and twelve cents. That on the attention of the defendant being called to the alleged error, that he promised to re-examine the account and correct the error. But that he had failed and refused to do so. Whereupon the plaintiff filed his bill for the purpose of compelling the correction of the alleged error. The case coming on to be heard, defendant, by his counsel, filed a demurrer to plaintiff's bill, on the ground that the plaintiff had his remedy in a common law action upon defendant's promise, which demurrer was sustained. Plaintiff then obtained leave to amend his said bill, which he did by erasing the alleged promise. Defendant filed a demurrer to the amended bill, which was overruled and defendant required to answer, which ruling defendant excepted to, and is as-

signed as error. A special master was appointed to take testimony and report to the court, to which exception was taken, on the ground that no replication had been filed to defendant's answer; the parties, however, agreed upon the special master. The master gave notice and the parties met and took their testimony, and the master made his report, in which he found the whole amount of plaintiff's claim to be due and owing by defendant. The plaintiff then filed his replication as of the preceding term. And the court awarded a decree in accordance with the special master's finding, to all of which the defendant's counsel duly excepted, and presented their bill of exceptions to this court in the form of a petition in error, assigning a large number of errors, many of which it will not be necessary to examine.

The first error assigned is as follows: Because the amended bill was not properly made and left the bill as amended without being sworn to; because when the court made the order, the defendant under the statute was entitled to notice of the filing of the amended bill, said notice to be served on him; and after receiving such notice was not bound to file an answer until the fifth Monday thereafter, but neither the notice nor time was given.

2. That the court below erred in overruling defendant's demurrer to the amended bill.

3. That the court erred in referring the case to a special master, when on the pleadings there was no issue of fact upon which evidence should be taken, there being no replication on file in the case at the time. Besides, no authority can be given to a master, in this territory, to report findings of fact from evidence taken before him: See Code of Civil Proceedings, 1869, section 759.

4. That the court erred in permitting the complainant to file a replication after the evidence was all taken, and the case ready for hearing and argument on the report of the master and the evidence, and cites: Daniels' Chan. Pl. and Pr. 826; *Childs* v. *Horr*, 1 Clark's Iowa R. 432; *Rogers* v. *Mitchell*, 41 N. H. 154; *Pierce* v. *West*, 1 Peters, C. C. R.

531; *Pickett* v. *Chilton*, 5 Minn. 467; *Scott* v. *Clarkson*, 1 Bibb.; 1 Ren. 277.

5. That the court erred in confirming the report of the special master and entering a decree for the complainant in the case.

 · The plaintiff's bill as originally filed clearly presented grounds for a common law action in assumpsit upon a new promise, made after the signing of the contract for a dissolution of the partnership which had existed between the parties to this suit; and the amendment to the bill being made by a simple erasure of the allegation, which gave jurisdiction to a common law court, we think was not such an alteration as changed the jurisdiction from a court of law to that of a court of chancery; hence if the plaintiff had his remedy in a court of law, the defendant's second demurrer should have been sustained for want of jurisdiction in a court of equity. If this is a correct view of the case, it would be sufficient to justify a dismissal of plaintiff's bill without examining any of the subsequent errors complained of. But whether this is so or not, we are clearly of the opinion that the court erred in compelling the defendant to answer the plaintiff's bill without allowing him the time provided by the statutes of this territory: See laws of 1873, sections 667–8.

Another error complained of is, that there was no engrossment of the amended bill, nor was the bill as amended sworn to. The nature of the amendment being simply certain erasures of the allegations of the original bill, it may be contended that it was not necessary that the bill as amended be sworn to, inasmuch as there was no new matter set out; but the statute requires not only that the bill should be sworn to, but that the defendant was entitled to the time given to answer, viz: the fifth Monday after the amendment to the bill was filed.

These errors might be cured by sending the case back to the district court, but we are of the opinion that the plaintiff being entitled to bring his action in assumpsit in a court

of law, he can have no jurisdiction in a court of equity, and that he cannot obtain jurisdiction in such court by simply erasing a substantial allegation from his bill. Another error complained of is, that the case was referred to a master to take testimony before any replication was filed, and consequently before the case was at issue, but the record does not show that the question was raised at the time that the application was made for the appointment of the special master. It was, however, raised at the time that the master met the parties for the purpose of taking the testimony, and so noted on the record. The record shows that the special master not only heard and reported the evidence to the court, but that he passed judicially upon various questions which arose during the hearing, and presented a finding upon the facts proven. This was beyond the power of the special master, by the provisions of the code of Wyoming. The duties of a special master are to simply take the testimony and report the facts to the court for its action, and not to return his findings upon the evidence.

The plaintiff's bill allowing that a board of equity had jurisdiction is defective, in the fact that the action was based upon the alleged wrongful statement of an account between the parties; therefore the first prayer of the bill should have been to have the statement opened, with leave either to surcharge, falsify or correct in some particular, and the particular item, or items, of the account to be amended should be pointed out, so that the chancellor might readily see wherein the statement was defective; none of these things are prayed for in plaintiff's bill. The plaintiff comes into court asking the correction of the statements specified in the contract, but proceeds to set up and prove a contract entirely different from the one on which the action is based; and although the amended bill strikes out the alleged promises on the part of the defendant to correct any errors which might be discovered by a re-examination of the accounts between the parties, yet a large

portion of the evidence goes to the maintenance of such a promise; hence the testimony, or at least a large portion of it, is not responsive to the allegations of the bill. Finding the bill thus defective and uncertain in so many particulars we might send it back to the court below for correction. But finding the plaintiff has a clear remedy in a common law court, this court, if that be so, can have no jurisdiction. We are constrained to refer the plaintiff to his remedy at law, and dismiss the bill.

Bill dismissed.