By the Court.—Horace Russell, J.
I have carefully examined the evidence, and am satisfied that, not only were the referee’s findings of fact sustained by evdence, in which case courts are not in the habit of reversing findings of fact, but that the weight of evidence clearly preponderated in favor of the findings of the referee.
The motion to dismiss the complaint was made at the close of the testimony upon two grounds. (1) That it did not state facts sufficient to constitute a cause of *534 action. (2) That there was not' sufficient evidence to entitle the plaintiffs to the relief asked for. The second objection may be regarded as disposed of by what-has already been said with. reference to the referee’s findings of fact. The first objection—that the complaint did not state sufficient facts to constitute a cause of action—seems to have been based upon the theory that such an action as this by a factor against his consignor could not be maintained ; that the only remedy of a factor against his consignor for advances, was to sell either in regular course of business or at auction, upon notice to his consignor, the goods remaining in his possession, and then bring an action at law for the deficiency. The authorities cited in support of this proposition: Gihon v. Stanton (9 N. Y. 476), Mattram v. Mills (2 Sandf. 189), Edwards on Factors & Brokers, 40, 41; Corlies v. Cummings (6 Cow. 184), 3 Wait Actions & Defenses, 297, do not go to the extent claimed. They only hold that before a factor can bring his action at law for the amount of his over-advances, he must first exhaust the primary fund or property in his hands.
A factor, as such, has a lien upon all the goods which come into his hands, for his commissions and advances, and may retain the goods and proceeds, not only for the charges incident to the particular goods consigned, but for the balance of his general account (Edw. on Bailm. 280, 281, 308, 309; Bradford v. Kimberly, 3 Johns. Ch. 431, 434; Brownell v. Curtis, 10 Paige, 205, 210; Brooke v. Bryce, 21 Wend. 16, 17 ; 2 Kent Comm. 640).
The factor may enforce his lien by civil action of an equitable nature, like the former bill in chancery. “ A court of equity will, in case of principal and factor, entertain jurisdiction” (1 Story Eq. Juris. §§ 464, 506; 3 Black. Comm. 437). “ Satisfaction of a lien may be enforced by a bill in chancery” (2 Kent Comm. 643). *535 “ The factor is generally regarded in the decisions as invested with the rights of a pledgee of the goods intrusted to him, and charged with very nearly if not the same responsibilities (Edw. on Bailm. 213, 220). The law, as at present established, leaves an election to the pawnee. He may file a bill in equity against the pawnor for a foreclosure, and sell, or he may proceed to sell ex mero motu upon giving notice of his intention to the pledgor, but a judicial sale is most advisable in cases of pledges of much value, as courts watch, any other sale with uncommon jealousy and vigilance, and any irregularity may bring its validity into question (Story on Bailm. § 310 ; Edw. on Bailm. 249, 250 ; 2 Story Eq. Juris. § 1033).
Not only on the grounds already stated, but because the plaintiffs stood in a fiduciary relation to the defendant—so that an accounting between them was necessary —had they a right to bring their action in equity. Their right to a judgment for a deficiency after sale of the consigned goods, is no less clear. “A factor advancing money on goods in his hands, is not confined in his remedy for the advances to the goods or fund deposited. He gives a joint credit to the fund and to the person of his principal ” (Edw. on Bailm. 282 ; Corlies v. Cummings, 6 Cow. 181,184; Marfield v. Goodhue, 3 Coms. 62, 73; Burrill v. Phillips, 1 Gal. 360; Peisch v. Dickson, 1 Mason, 9 ; Upham v. Lefavour, 11 Metc. 174). The action then was properly brought and in proper form.
The proper preliminary- proof was not made to authorize the introduction in evidence of the plaintiffs’ books of account at the time when they were introduced, nor was that lack cured by the subsequent technical proof. The book-keeper had made the entries introduced in evidence, upon information from other persons or from other books. His testimony, therefore, as to the general accuracy of the books, did not make *536 them admissible in evidence (Gould v. Conway, 59 Barb. 355; Burke v. Wolfe, 38 Super. Ct. 263). But an examination of all the other evidence in the case makes it quite apparent that the defendant’s objection on that subject was too late. The books had already been used in evidence for several. days, and by both parties to the suit. The expert had, by stipulation, made summaries of their entries, which were regarded as evidence for the defendant. Then, too, that portion of the books which related to the question really in controversy was traced to the person who conducted the business and made the original entries, who appeared, and testified that the entries of transactions were in his handwriting, and were correct. It also appeared, that during all the time of the business which was the occasion of this controversy, the defendant had his desk in the plaintiffs’ office ; that from time to time, when his account was rendered to him, he was in the habit of going over the account and the books with the book-keeper, and whatever differences arose were the subject of negotiation and settlement'. A final account was rendered to him shortly before he left the plaintiff’s place of business, which by all the parties seems to have been treated as an account stated ; the defendant thereafter paid on account thereof the sum of $500. This final settlement of account, the expert book-keeper’ s memorandum from" the books, and the referee’s finding of fact, all substantially agree, so that the introduction and reception of thq books without the technical proof referred to, did not, under the circumstances, constitute such error as to justify any interference with the judgment.
At the close of the testimony, the defendants, who, in their answer had set up a counter-claim, asked leave of the referee to withdraw it. His refusal to grant the request is made the subject of exception. I do not think there was any error in this. The plaintiffs sued *537 for a balance, after giving the defendant credit for all those things which were the subject of his counterclaim. The action was in the nature of an accounting. Testimony had been fully taken in regard to all the claims of both parties. The referee did right in refusing, at that stage of the action, to permit the defendant to withdraw his claims, whether they be called counter-claims, or items which should be credited to him in the accounting. All the matters in controversy ought to have been determined as they were in one action (Miller v. Freeborn, 4 Robt. 608; Wilder v. Boynton, 63 Barb. 547). The other exceptions in the case do not seem to be of sufficient importance to require discussion.
I think the judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Speir, J., concurred.