# SUPREME COURT.

MATTER of appeal of HIRAM GARDNER from the assessment for the grading of Scovell Street, in the city of Lockport, and from the order confirming the same.

By the charter of the city of Lockport, the assessment for grading a street in that city is to be equally made upon the real estate deemed benefitted by the improvement, and to be estimated and determined by *one* of the assessors of the city, &c.

*Held*, no objection that the assessment was made and reported to the common council by *two* of the assessors of the city.

Where the assessors, on examining the premises to be assessed, decide that the benefit to be derived from the improvement would be alike and equal to each lot, and that each lot should sustain an equal amount of the assessment; the assessment will be sustained, although there be but a small portion of the grading necessary to be done opposite the lots of the owner, who objects to the assessment on that ground.

*Niagara Circuit and Special Term, May,* 1871.

HIRAM GARDNER, *appellant, in person.*
JAMES F. FITTS, *for the city.*

MARVIN, J.—By the charter of the city *(Session Laws of* 1865, *chap.* 365, *title* 6, § 1) the assessment is to be equally made upon the real estate deemed benefited by the improvement, and to be estimated and determined by one of the assessors of the city, &c.

The common council may designate three of the assessors of the city.

In this case, *two* assessors acted and made their report to the common council.

The objection is now taken, for the first time, that the assessment is void. The appellant stated very fully his

grounds of appeal, without noticing the fact that two assessors had united in the report to the common council.

In my opinion this objection is not well taken. The assessment was made by one assessor; *each* assessor made the assessment. The greater includes the less (See *Commissioners of Highways, &c., of Carmel*, agt. *Judges of Putnam County, &c.*, 7 *Wend.*, 264—where twenty persons united in the certificate for the highway, the statute requiring only twelve).

The question upon which the appellant appealed is much broader. He complains that the assessment was made upon an erroneous principle, by the application of which injustice has been done to him. Scovell Street (the street to be graded) extends from Washington Street to Monroe Street—some nine hundred and fifty feet. There are eleven lots, each seventy-five feet wide, and one lot one hundred and twenty-nine feet wide, fronting on one side of this street. The appellant owns three of these lots. Opposite to his lots, but very little grading is required. In other portions of the street a large amount of grading is required, and some deep cutting. The assessors assessed the lots alike; that is, they made the assessment a certain sum per foot; and of this the appellant complains.

I do not think the proceedings can be reversed on this ground. It does not appear that the assessors adopted, *as a principle*, that, mathematically, each lot should be subjected to the same assessment as every other lot. But on examining the premises, they decided that the benefit to be derived from the improvement would be alike and equal to each lot, and that each lot should sustain an equal amount of the assessment (*Charter*, *title* 6, § 1).

A court cannot say that any erroneous principle has been adopted, or that any injustice has been done. The fact that very little grading was required in front of the defendant's lot will settle nothing. Here is a street nearly sixty rods in length, extending from and to other streets. It was

deemed necessary that the street should be graded, so that the lots upon the street could be improved, and the owners go to and from them. It may be necessary for each owner of a lot that the whole street should be graded, that he may profitably enjoy his lot.

If any injury shall result to the appellant's lots from the course to be adopted in reference to the water, I do not think that he can have his remedy by this appeal.

I am satisfied that there is no ground for reversing the order of the common council, and the proceedings must be affirmed.