GAERTNER VS. THE CITY OF FOND DU LAC and another.

REMEDIES. (1) *Injunctional order.* (2) *Injunction.* (3) *Certiorari.* (4, 5) *Stay of proceedings, upon grant of* certiorari.

CITY COUNCIL. (6) *Power as to revocation of license.*

1. An injunctional order should not be granted unless the material facts upon which an injunction is sought are stated in the complaint *positively* (and not merely upon information and belief), or are otherwise proven.

2. The fact that the common council of a city has revoked plaintiff's license to sell spirituous liquors, without cause, and without giving him notice of the charges made against him, or opportunity to be heard in his defense, and that the police officers threaten to arrest him for selling liquor without a license, and so to destroy his business, are not sufficient grounds for the interference of equity to declare the revocation void and enjoin the officers.

3. If the procedings of the council were illegal, plaintiff's remedy is by a common law *certiorari* to bring them before the circuit court for review.

4. The general rule is that a *certiorari* to a subordinate tribunal operates as a stay of proceedings therein from the time of the service, unless the judgment or order has begun to be executed.

5. In this case plaintiff, on suing out a *certiorari*, might have procured from the circuit court an order staying proceedings under the resolution of the common council until its validity should be determined.

6. It would *seem* that the common council of a city has no authority to revoke a license upon charges, without giving the licensee notice and an opportunity to be heard. But the point is not here decided.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was originally prepared by Mr. Justice COLE as a part of his opinion:

" The plaintiff is the keeper of a saloon in the city of Fond du Lac, and states in his complaint that in May, 1873, the common council granted him a license to sell spirituous liquors in that city, for which he paid the license fee required by that body; and that in June following, at a meeting of the common council, upon a petition or communication made by the police

officers of the city, a resolution was passed revoking his license; and that this action was taken without notice to him, and without giving him any opportunity to be heard upon the charges made by the police. The complaint made against him by the police officers, and upon which the license was doubtless revoked by the common council, was, that he persisted in keeping his saloon open on Sunday, and in selling liquor on that day; and they stated in their communication that the plaintiff threatened that he would continue so to do in the future, and would use violence if interfered with by them. The plaintiff denies that he has ever kept his saloon open on Sunday, or sold liquor on that day, or that he has used any threats, and alleges that all the charges made against him by the police officers are false and groundless. All these matters are stated positively in the complaint. The plaintiff further proceeds to state certain other matters on information and belief, to the effect that the police of the city are unfriendly to him; and that, by reason of the revocation of his license by the common council, they threaten to arrest him for selling liquors without a license, and to close up his place of business; and if allowed to proceed to execute their threats, he avers that they will destroy his business, and do him an irreparable injury. He therefore asks that the officers of the city may be restrained by injunction from interfering with his business, and from molesting him in any manner, and that the proceedings of the common council in revoking his license may be declared null and void. These are the material matters stated in the complaint, and show the grounds upon which plaintiff asks the interposition of a court of equity.

"An *ex parte* injunction was granted upon the complaint, which the defendants moved to dissolve upon the complaint itself, for the reason that the injunction was improvidently granted, and that the bill had no equity. That motion was denied; and this appeal was taken from the order refusing to dissolve the injunction."

*J. W. Bass*, for appellant:

An injunctional order, granted without notice upon the un-verified complaint alone, when material allegations therein are made on *information and belief*, will be set aside on motion. *Dinehart v. Town of La Fayette*, 19 Wis., 677–8; Thompson's Prov. Rem., 317, secs. 3, 4; High on Injunctions, 24, 25; Hilliard on Injunctions, 28; *De Nierth v. Sidner*, 25 How. Pr., 419; *Cook v. Roach*, 21 id., 152; *Blason v. Bruno*, 21 id., 112; *Rateau v. Bernard*, 12 id., 464; *Bank of Orleans v. Skinner*, 9 Paige, 305; *Hecker v. Mayor of New York*, 28 How. Pr., 211; *Jewett v. Allen*, 3 id., 129; *Campbell v. Morrison*, 7 Paige, 157; *Fowler v. Burns*, 7 Bosw., 637; 1 Code Rep., 114; 17 Barb., 229; *Armstrong v. Sanford*, 7 Minn., 49. 2. The injunctional order, if we admit that the action of the council in revoking the license was illegal and void, seeks to restrain a mere trespass; and such an order will be dissolved, and the party left to his legal remedy; and the rule is not changed by a naked allegation in the complaint, *on information and belief*, that the alleged tres-passers are insolvent. Thompson on Prov. Rem., 207, 210, 212; High on Injunctions, 255, 21; Hilliard on Injunctions, 279; *Balcom v. Julien*, 22 How. Pr., 349; *Sixth Ave. R. R. Co. v. Kerr*, 28 id., 382; *Marshall v. Peters*, 12 id., 218; 13 Wis., 348; *Finley v. Thayer*, 42 Ill., 350. 3. An injunction will not be granted where plaintiff has a remedy by special proceedings, or by *quo warranto, certiorari*, or other analogous remedy. *Crandall v. Bacon*, 20 Wis., 639; Hilliard on Injunctions, 19, 226, 323; Thompson on Prov. Rem., 208, 310; High on Injunc-tions, 465; *Mace v. Trustees of Newburgh*, 15 How. Pr., 161; *Handley v. Mayor of New York*, 16 id., 228; *Mayor of Brooklyn v. Meserole*, 26 Wend., 132; *Heywood v. City of Buffalo*, 14 N. Y., 534; *Thatcher v. Dusenbury*, 9 How. Pr., 32; *Kelsey v. King*, 32 Barb., 410; *Hartt v. Harney*, id., 55, 64; *Nichols v. Sutton*, 22 Ga., 369; *Baldwin v. Buffalo*, 29 Barb., 399; *Hyatt v. Bates*, 35 id., 317; *Finley v. Thayer*, 42 Ill., 350. The action of the common council about which the plaintiff complains, is all

a matter of record; and the merits of the whole question might properly be determined by means of a writ of *certiorari*. *Patchin v. Mayor of Brooklyn*, 13 Wend., 664; *Case v. Shepherd*, 2 Johns. Cases, 27; *Wolfe v. Horton*, 3 Caines, 86; 26 Barb., 429; *Launitz v. Dixon*, 5 Sandf., 249; *Gardiner v. Murray*, 4 Yeates, 560; *Wilson v. Williams*, 18 Wend., 581; *Ewing v. Thompson*, 43 Pa. St., 372; *Crandall v. Bacon*, 20 Wis., 639. By means of the *certiorari* the proceedings of the council could be set aside, if illegal, a stay of proceedings could be secured, and those may be punished for contempt who seek to interfere with the plaintiff, under color of power derived from illegal acts. 4. An injunction can only be granted when it appears by the complaint that the plaintiff is entitled to the relief demanded. Hilliard on Injunctions, 38, sec. 71; *Morgan v. Quackenbush*, 22 Barb., 76. It is hardly possible that a saloon keeper's license can be revoked for no other causes and in no other manner than is prescribed in secs. 13 and 14, ch. 35, R. S. Under the charter of Fond du Lac, which gives to the common council the right to grant licenses and regulate saloons, and to revoke licenses on a violation of the same, etc., and which provides that no liquor shall be sold on Sundays or election days, the council are not compelled to wait for complaint to be made. It is enough if they are satisfied that the license has been violated. Licenses to sell liquors are not contracts, conferring vested rights; nor are they *property* in any legal or constitutional sense, but mere permits to do what would otherwise be an offense against the law, which may be revoked at the discretion of the power granting them. *Metropolitan Board of Excise v. Barrie*, 34 N. Y., 657, 667.

*Gerrit T. Thorn*, for respondent:

1. Orders like the one sought to be dissolved, are framed according to the circumstances of the case, and generally are to restrain the doing of an act which would be contrary to equity. Jeremy's Eq., ch. 2, sec. 1, p. 307. In this case the complaint shows that the plaintiff had acquired a certain right under the

excise laws of the state, that he had not forfeited the same, and that he was being deprived of the right without notice or due process of law. By the charter, the council is given the naked power to *grant* and *revoke* licenses. The charter does not provide what shall be deemed a violation of a license, nor for the manner of its revocation. In respect to this we must look to the general statutes. R. S., page 365, secs. 13 and 14. By compliance with these statutes, on notice, and for certain causes (of which keeping the house open on Sunday is not one), a license may be revoked, but under no other circumstances. A license is in the nature of a franchise, a grant; it authorizes the person obtaining it to act in a particular character or business. The party licensed accepts the same, and pays for it, on certain conditions, and he cannot be deprived of his right except for conditions broken, and he must be proceeded against in the manner provided by law. 2. The action of the council left the plaintiff no remedy but the one he has chosen. A *certiorari* would not blot out the record of the resolution, which, on its passage, became a *law;* it would not stop Swineford and others from bringing suits for selling liquor without license. The plaintiff was exposed to numberless suits if he continued the sale. Equity will interpose to prevent multiplicity of suits. 3. The *positive* facts in the complaint show that the council had not proceeded according to law. The statute provides for no appeal from their decision; they had jurisdiction of the subject matter, and their resolution was the final judgment, and could not be attacked in any *collateral proceedings.* Their action could only be attacked by a direct proceeding, and no direct proceeding would be effectual except the one adopted by the plaintiff. By art. VII, sec. 8, Const. of Wis., the power is directly vested in the circuit court to supervise proceedings of this kind. 4. The complaint in this case is in the nature of a bill *quia timet.* The plaintiff's license is his equitable property, and the action of the council is an attempt to break up his business. If an ordinance or resolution of a municipal corporation is void, a

court of equity will grant an injunction to prevent its enforcement. *Wood v. City of Brooklyn*, 14 Barb., 425. A court of equity will interfere whenever it has grounds for believing that its interference is necessary to prevent abuse, injustice, oppression, or the consummation of a fraud. *Davis v. Mayor of New York*, 1 Duer, 498, quoting language of Lord COTTENHAM in *Frewin v. Lewis*. Equity will interfere to protect an individual in the enjoyment of a franchise, and to prevent a franchise from being destroyed, as well as to restrain a party from violating it. *Osborn v. Bank of U. S.*, 9 Wheat., 738. The matter complained of is not a mere common casual trespass, but the action is to prevent a permanent injury which cannot be estimated in damages. The revocation without cause and without notice was a fraud upon plaintiff's rights, which the court ought not to permit. *Davis v. Mayor of N. Y.*, 1 Duer, 504, 505; *Milhau v. Sharp*, 15 Barb., 193, 230; *Hascall v. Madison University*, 8 Barb., 174.

COLE, J. We are of the opinion that the complaint states no grounds for the equitable interposition of a court by way of an injunction. In the first place the allegations in regard to the threatened action of the police in arresting plaintiff for selling liquor without a license, and in closing up his place of business and destroying it, and about the insolvency of such police officers, are stated upon information and belief. These matters should have been positively stated in the complaint, or otherwise proven, under the rule upon this subject laid down in *Dinehart v. The Town of La Fayette*, 19 Wis., 677. But besides this formal or technical objection to the manner in which the material allegations are stated in the complaint, we think there is another still more satisfactory and conclusive ground for denying an injunction; and that is, the well established principle that when a party has an adequate legal remedy for the protection of his rights, a court of equity will not interfere, but leave him to his legal remedy. This principle is too ele-

mentary to require the citation of any authority in its support; and the only question is, Has the plaintiff a legal remedy which is adequate and sufficient for the protection of his rights?

The gravamen of the plaintiff's complaint is, that the common council has illegally or without cause revoked his license, and that as a consequence he is liable to arrest for selling liquor without license, and is in danger of having his business broken up and destroyed by the police officers, who are unfriendly to him.  If the proceedings of the common council in thus arbitrarily revoking the plaintiff's license without cause, and without giving him any notice of the charges made against him by the police and an opportunity to be heard in his defense were — as they would seem to be, — unauthorized and illegal, he had an ample remedy to correct this action by means of a common law *certiorari*.  It is not seriously questioned on the part of the plaintiff's counsel, that such a writ would lie to bring before the circuit court for review the proceedings of the common council in revoking his license.  But he contends that such a writ would not afford an adequate remedy, because it would not operate to stay proceedings under the resolution of the common council.  The general rule is that a *certiorari* to a subordinate tribunal operates as a stay of proceedings from the time of its service, unless the judgment or order complained of has begun to be executed (*Patchin v. The Mayor of Brooklyn*, 13 Wend., 664, and authorities cited by C. J. SAVAGE); and it is very obvious that the plaintiff might have readily obtained an order staying proceedings under the resolution of the common council until its validity was determined by the circuit court.  No injustice could therefore have been done the plaintiff if he had resorted to this legal remedy.  And upon the hearing on the return to the writ, the proceedings of the common council could be inquired into, and the resolution revoking the plaintiff's license, if unauthorized and illegal, could be set aside.  We shall not go into a discussion of the question whether the common council has the power under the charter

to arbitrarily revoke a license granted, without cause and without giving a party an opportunity to be heard in his defense. That question will more properly arise when the action of the common council comes up for review in another proceeding. Our purpose now is to show that the plaintiff has mistaken his remedy, and that the facts stated in the complaint do not afford any ground for the relief he seeks. We have incidentally expressed the opinion that upon the case as presented by the plaintiff the action of the common council was very questionable. It would seem contrary to all legal principles for the common council to revoke the plaintiff's license upon charges without affording him an opportunity to meet and disprove them. And if, upon a hearing, it appeared that the plaintiff persisted in keeping his saloon open on Sunday in utter violation of law and contrary to the provisions of the city charter, a case would seem to be presented for exercising the power of revoking the license.

These remarks are made in reply to some requests in the briefs of counsel on both sides that we should express a definite opinion upon the power of the common council to revoke a license at its pleasure, with or without cause. We do not deem it proper to indicate our views more fully upon those questions, and will decide them as they arise if we should ever have occasion for doing so. The question before us now is, whether, upon the matters stated in the complaint, the plaintiff is entitled to an injunction. It seems to us that he is not, since he has an adequate legal remedy for the protection of his rights. There may be some things in the case of *Wood v. City of Brooklyn*, 14 Barb., 425, which support the position of plaintiff's counsel, that a court of equity should grant an injunction upon the facts stated in the complaint, and which are in conflict with the views we have above expressed. But the principle upon which our decision is based, that where a party has an adequate legal remedy equity will not interfere, is there plainly recog-

nized. And this is the only comment we care to make upon that case.

*By the Court.* — The order of the circuit court refusing to dissolve the injunction is reversed, and the cause remanded for further proceedings according to law.