C. H. & L. J. MCCORMICK, PLAINTIFFS IN ERROR, v. R. F. STEVENSON, DEFENDANT IN ERROR.

1. **Vendor and Vendee:** TITLE. A contract that the title to personal property shall not pass to the vendee until the purchase money is paid is valid between the parties, even though the contract, or a copy thereof, is not filed in the clerk's office. And a party purchasing with notice that the debtor is not the owner of the property is not protected.

2 **Conversion.** A person who aids in the conversion of property is responsible to the owner for its value.

ERROR to the district court for Cuming county. Tried below before BARNES, J.

*J. C. Crawford,* for plaintiffs in error, cited 6th Wait's Actions and Defenses, 163, *et seq.*

*R. F. Stevenson, pro se.*

The notes were made in Illinois, and the laws of that state govern this case. Under those laws the machine would be liable to execution or attachment against the maker of the notes. *McCormick v. Hadden,* 37 Ill., 370. *Murch v. Wright,* 46 Id., 487. *Latham v. Sumner,* 89 Id., 233.

MAXWELL, J.

This is an action to recover for the alleged conversion by the defendant of certain property belonging· to the plaintiffs. A verdict was rendered in the court below in favor of the defendant, upon which judgment was rendered. The plaintiffs bring the cause into this court by petition in error. It appears from the record that in July, 1877, the plaintiffs sold to J. A. Nason, of West Point, Neb., an Advance reaper and mower for the sum of $180.00, taking three notes therefor, each for the sum of $60.00, with interest from date. The first of said notes was due on the first day of January, 1878; the second, on the first day of January, 1879, and the third on the first day of January, 1880. Each note contained the following provision: " The express condition of the sale and purchase of the 1876 Advance for which this note is given is such that the title, ownership, or possession does not pass from the said C. H. & L. J. McCormick until the note and interest is paid in full, and the said C. H. & J. L. McCormick have full power to declare this note due and take possession of said Advance whenever they deem themselves insecure, even before the maturity of this note."

In October, 1877, one Gould, an agent for plaintiffs, submitted these notes to the defendant. There is a conflict in the testimony as to whether Mr. Stevenson actually took the notes in his hands, but there is no doubt that he knew

their contents.  He informed Gould that he did not think the notes were very good, and advised him to have certified copies of the same filed with the county clerk as security under the law of 1877.  This was not done.  In January, 1875, one J. B. Thomson recovered a judgment against Nason for the sum of $55.33 and costs.  In October, 1877, and after Gould had called on the defendant, an execution was issued and levied upon the reaper in question, which was bid in by the defendant as attorney for Thomson. And this is the conversion complained of.  Two questions are presented by the record:

*First.*  Did the plaintiffs have a lien upon the property in question?

*Second.*  Do the acts of the defendant, as shown by the testimony, amount to conversion?

*First.*  In the case of *Aultman v. Mallory,* 5 Neb., 178, this court held that a sale and delivery of goods on condition that the property was not to vest in the purchaser until the purchase money was paid did not pass the title to the vendee until the condition was performed.  That decision is sustained by the clear weight of authority, and in the absence of a statute changing the rule, is undoubtedly the law.  In 1877 the legislature passed an act to protect *bona fide* purchasers and creditors.  Laws 1877, 170.  The statute did not change the rights of parties to the transaction, but was designed to protect innocent purchasers and creditors.  As to those, the possession of the property by the debtor was *prima facie*. evidence of ownership, and a perfect title would pass by the sale.  But if the party purchasing knew that the property did not belong to the debtor he is not protected as a purchaser in good faith.  The testimony in this case clearly shows that the defendant knew that Nason was not the owner of the machine in question and had paid nothing thereon.  He was not a *bona fide* purchaser therefore.

*Second.*  Did the purchase of the machine by the de-

fendant render him liable in an action of *trover?* The action of *trover* and conversion was originally an action of trespass on the case for the recovery of damages against a person who had found the goods of another and refused to deliver them on demand, but converted them to his own use. 3 Black. Com., 152. The fact of the finding, or *trover*, is now wholly immaterial, and the action lies against any one who had in his possession the goods of another and sold or used them without the consent of the owner, or refused to deliver them upon demand. And if any person aid in the conversion of property he is responsible to the owner for all the damages sustained by him. See cases cited in 6 Wait's Actions and Defenses, page 140. But it is unnecessary to cite authorities. The defendant purchased the property in question with knowledge that it belonged to the plaintiffs, and thereby deprived them of it. He is therefore liable for its value. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.