GEORGE MARTIN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Liquors:** REVOCATION BY PROPER AUTHORITIES OF LICENSE TO SELL. Section 92 of chapter 13 of the Compiled Statutes of 1887, governing cities of the first class in this state, provides that the license of a person selling intoxicating liquors shall be revoked by the mayor and council, upon conviction of the licensee of any violation of any law, ordinance, or regulation appertaining to the sale of such liquors. Where the holder of a license was convicted of the violation of the law pertaining to the sale of intoxicating liquors, in the police court of the city of Lincoln, and the fact of such conviction was duly certified by the police judge to the mayor and council, it was *Held: First.* That the mayor and council were authorized and required to revoke the license. *Second.* That no notice to the licensee

of such proposed action was necessary. *Third*. That such revocation could be declared by resolution, and that the passage of an ordinance was not necessary.

2. ———: ———: ORDER OF REVOCATION BY CITY COUNCIL: PRESUMPTION AS TO PRESENCE OF MAYOR. In such case, where the resolution directed the marshal to notify the licensee that the license had been revoked by the mayor and council, there could be no presumption that the mayor was not present at such meeting, it being his official duty to preside at all meetings of the council.

3. **Constitutional Law.** Section 92, chapter 13, Compiled Statutes of 1887, *Held*, Constitutional.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Charles E. Magoon* and *O. P. Mason*, for plaintiff in error, on question of notice to licensee, cited: Const., Sec. 3, Art. I. And that a license is property, citing: *Dorman v. State*, 34 Ala., 239. *Stevens v. State*, 2 Ark., 299. *Plummer v. Com.*, 1 Bush., 26. 1 Dillon Mun. Corp., Sec. 280. *Com. v. Moylan*, 119 Mass., 109. *State v. Snow*, 3 Rhode Island, 74. *Heise v. Town Council*, 6 Rich., 404.

*William Leese, Attorney General*, for the state, cited: *Columbus v. Cutcomp*, 17 N. W. R., 47. *Metropolitan Board v. Barrie*, 34 N. Y., 657. *State, ex rel. City of York, v. Babcock*, 20 Neb., 522.

REESE, CH. J.

Plaintiff in error was convicted of the crime of selling intoxicating liquors in violation of law, not having a license therefor. The principal part of the evidence submitted on the trial was contained in a stipulation of facts, which we here copy:

"It is hereby stipulated and agreed by and between the parties to this action, that this cause be submitted upon the following statement of facts:

"1. It is agreed that the defendant, George Martin, received a license from the city of Lincoln, Nebraska, duly issued, in accordance with the law, empowering him to sell liquor (commonly known as intoxicating liquor) as a beverage, in said city of Lincoln, during the municipal year of 1887–8, and paid therefor the sum of one thousand dollars, in advance, as by law required, and that said license was duly and lawfully issued.

"2. That on the 22d day of June, 1887, said George Martin was convicted of the offense of selling intoxicating liquors at his place of business on the 12th day of June, 1887, that being the Sabbath day, commonly called Sunday, which said conviction was had upon trial of said cause in the police court of said city of Lincoln, by the judge of said court without the intervention of a jury, and resulted in the conviction of said Martin, and the imposing upon him of a fine of $25.00 and costs, taxed at $16.80. That said cause of said *State v. Martin* was duly appealed from said police court to the district court of Lancaster county, Nebraska, and now stands for trial in said court. That afterwards, and on the 12th day of July, 1887, the city council of said city of Lincoln, without notice to the said George Martin from said council of its intended action, pretended to revoke the said license heretofore granted to the said Martin, as shown by the record of the proceedings of said council, and hereinbefore referred to, in the manner set forth in the certified statement of the proceedings of said council for said date, July 12, 1887, which is hereto attached and made a part hereof.

"The proceedings had and conviction hereinbefore referred to before the police judge of the city of Lincoln, is fully set out in a transcript hereto attached, and made a part hereof, marked exhibit 'B.' That at the time charged in the complaint, defendant did sell and dispose of intoxicating liquor at the time and place set forth in said complaint.

"LINCOLN, NEBRASKA, July 12, 1887.
"    *    *    *    The following was read:
"*To the Hon. Mayor and Council of the City of Lincoln:*

"I, A. F. Parsons, police judge of the city of Lincoln, hereby certify that on the 22d day of June, 1887, George Martin, a person licensed to sell malt, spirituous, and vinous liquors within this · city, was convicted of the offense of selling intoxicating liquors at his place of business, in the basement under the St. Charles Hotel, on O street, near 8th street, on the 12th day of June, 1887, it being the Sabbath day, commonly called Sunday, and was adjudged to pay a fine of $25.00 and costs, and stand committed until the same is paid, from which judgment he appealed.

" Witness my hand this 27th day of June, 1887.

"A. F. PARSONS,
" *Police Judge.*

" C'n Burks introduced the following:

" 'Whereas, one George Martin has heretofore been licensed by the city of Lincoln to sell spirituous, malt, vinous, and mixed liquors, in the city of Lincoln; and, whereas, the said George Martin has been duly convicted of unlawfully selling liquors on the Sabbath day, such conviction being before the police judge of said city, as shown by the certificate of said judge now on file with the city clerk of said city; therefore, *Resolved*, That the said license of the said George Martin, dated April 13, 1887, be and the same is hereby revoked, and the marshal of said city is hereby instructed to see that the saloon kept by said George Martin under said license is closed up, and the said clerk is hereby instructed to at once notify the said George Martin that his said license has been revoked by the mayor and council of the city of Lincoln.'

· "On motion of C'n Burks, the resolution was adopted, and the license revoked on the vote: Ayes, C'n Briscoe, Brock, Burks, Dean, Graham, Hovey, Pace; Noes, C'n

Cooper, Ensign, Fraas; excused from voting, C'n Billingsley; absent, Dailey.

(Record 7, Pages 71, 72.)

"STATE OF NEBRASKA, } ss.
   Lancaster County.   }

"I, R. C. Manley, clerk of the city of Lincoln, hereby certify that the foregoing is a complete transcript from the record of all that pertains to the action of the council in the matter of the revocation of the license of George Martin.

"Witness my hand and the seal of said city, this 2d day of August, A.D. 1887.

"R. C. MANLEY,

[SEAL.]                                          "City Clerk."

It will be seen by the foregoing that plaintiff in error had received a license to sell intoxicating liquors ; but that his license had been revoked by the city council, prior to the commission of the offense for which the indictment in this case was returned by the grand jury.

There are three questions presented by plaintiff for decision. It is contended by him: *First.* That the action of the council in revoking the license was without notice to the licensee, and therefore void. *Second.* That the council did not act by ordinance as required by law, and that the resolution declaring the revocation of the license was without legal force, and void. *Third.* That section 92 of chapter 13 of the Compiled Statutes, under which the council acted in the matter of the revocation of the license, is unconstitutional; and that, for that reason, the action of the council was void. Upon the oral argument, it was further contended that as the section of the statute, hereafter noticed, under which the council acted in the matter of revoking the license, requires the revocation to be by the "mayor and council," the council alone could not act, and hence the attempted revocation was void for that reason.

If the revocation was void for any of the reasons presented by plaintiff in error, it would follow that the conviction was erroneous, as he would still be protected by his license, notwithstanding his previous conviction of violating the law under which the license was issued.

It appears by the record that a license was issued to plaintiff in error on the 13th day of April, 1887, by which he was permitted to sell intoxicating liquors until the second Tuesday in April, 1888, but that on the 22d day of June, 1887, he was convicted of selling liquor on Sunday, the 12th day of the same month. This conviction was had in the police court, and on the 27th day of June the police judge certified the conviction to the city council. At a subsequent meeting of the council, we presume, although the date is not given, the resolution revoking the license was adopted, without any notice having been given to plaintiff in error of the contemplated action of the council. The section of the statute under which this action was had is section 92 of the law governing cities of the first class, Comp. Stat. 1887, Ch. 13a, which is as follows:

"SEC. 92.  The mayor and council may by ordinance license, restrain, regulate, or prohibit the selling or giving away of malt, spirituous, or vinous mixed, or fermented intoxicating liquors, the license not to extend beyond the municipal year for which it shall be granted, and to determine the amount to be paid for such license not less than the minimum sum required by any general law upon the subject;    *    *    *.    *Provided,* That any permits issued to a druggist may be revoked by the council at pleasure; and further, that any license issued by the mayor and council for any purpose mentioned in this section shall be revoked by the mayor and council upon conviction of the licensee of any violation of any law, ordinance, or regulation, pertaining to the sale of such liquors, and proceedings of appeal or error taken to review such judgment or conviction shall in nowise affect the revoca-

tion of such license or the effect of such conviction, until such appellate or error proceedings be finally determined, and such conviction be finally annulled, revoked, or reversed."

It is made the *duty* of the mayor and council to revoke the license, " upon conviction of the licensee of any violation of any law, ordinance, or regulation pertaining to the sale of" liquors. The language of the statute is imperative. Any license "*shall be revoked*" upon such conviction. But it is contended that, before the mayor and council can legally revoke the license, notice must be given to the licensee, in order that he may show cause, if any exists, why the license should not be revoked. In support of this contention, it is insisted that the license is a franchise, or public right, vested in the individual, and for which he has paid a consideration, and therefore it has all the necessary elements of property under the provision of the constitution that, "No person shall be deprived of life, liberty, or property, without due process of law." Const., Sec. 3, Art. I. There is no *vested* right in a license to sell intoxicating liquors, which the state may not take away at pleasure. *Pleuler v. The State,* 11 Neb., 575. Such licences are not contracts between the state or municipality issuing them and the licensee, but are mere temporary permits to do what otherwise would be unlawful. *Board of Excise v. Barrie,* 34 N. Y., 657. They are subject to the direction of the government, which may revoke them as it deems fit, and may be abrogated by the adoption of a municipal ordinance prohibiting the sale of liquors. *Columbus v. Cutcomp,* 17 N. W. Rep., 47.

The law of 1881 (Comp. Stat., Ch. 50), commonly known as the Slocumb law, absolutely prohibits the entire traffic in intoxicating liquors "by the most expressive language," giving only an exception where the license or permit is issued. *Pleuler v. State, supra,* 576. We therefore conclude that there is no such vested right or essential element

of property in a license as to bring it within the provision of the constitution above quoted.

But this does not entirely dispose of the question here presented, for if notice to the licensee was necessary to give the municipal authorities jurisdiction, the act of the council might still be void for want of authority or power to act.   A number of cases are cited by plaintiff in error holding that notice, in the particular cases then under consideration, was necessary.   These cases are: *Plummer v. The Commonwealth*, 1 Bush (Ky), 26, *Heise v. Town Council*, 6 Rich. (S. C. Law), 404, *Commonwealth v. Moylan*, 119 Mass., 109, and *Gaertner v. City of Fond du Lac*, 34 Wis., 504.

In *Plummer v. Commonwealth*, one Shepherd was licensed by the county court to keep a tavern.   Before the expiration of the license the county court, without any notice, suspended the same until the next term of court.   During this period, Plummer assisted Shepherd in retailing liquors, and was indicted therefor.   He justified under Shepherd's license.   To avoid this, the prosecutor offered in evidence the order of suspension, which was admitted over the objection of the accused.   For this, the court of appeals reversed the judgment of conviction.   The action of the county court was had under section 9 of chapter 99, Vol. 2, Stanton's Revised Statutes of Kentucky, which provided, in substance, that it should be the duty of every trustee of a town, when informed that an offense was committed by a tavern keeper of his town, "to make the same known to the judge of the county court, who shall cause the alleged offender to be summoned to appear before him at a time and place designated, to show cause why his license shall not be suspended until the next county court," when the judge should "hear and decide the case" and make such order as might be necessary. As the county judge had omitted to cause Shepherd "to be summoned to appear before him," as plainly required by

the statute, it was very properly held that the trial court erred in admitting the order of suspension in evidence.

The case of *Heise v. Town Council*, was where the town council of Columbia had enacted an ordinance that, upon a retailer of spirituous liquor selling liquor to a slave, his license should be forfeited, and it was held that under the charter no other penalties than fines could be inflicted, and therefore the ordinance was void, as well as the order of forfeiture under it.

The case of *Commonwealth v. Moylan*, was where the defendant was accused of selling liquors in violation of law. Proof of the sale was made. She relied on her license previously issued. The government then introduced the record of the mayor and aldermen, showing a revocation of the license, which was admitted over the objections of the defendant. The record showed that the committee before whom the hearing was had reported to the council that, in their opinion, it was inexpedient to take further action in the matter. The report was accepted. It was then ordered that the license be revoked. It was held by the supreme court that it was not within the power of the council to arbitrarily revoke the license, there being no proof of any violation of its conditions. The statute of of that state provided that, "The mayor and aldermen, or the selectmen, of the city or town by which a license has been issued, after notice to the licensee and reasonable opportunity to be heard by them, or by a committee of their number, may declare the license forfeited, upon proof satisfactory to them that he has violated, or permitted to be violated, any of the conditions thereof." Yet in the later case, *Commonwealth v. Hamer*, 128 Mass., 76, decided by the same court, it was held that a written notice to the licensee was not required, and that "if any notice is necessary" a verbal notice would be sufficient.

In *Gaertner v. The City of Fond du Lac*, the supreme court of Wisconsin, by a dictum, says: "It would seem

that the common council of a city has no authority to revoke a license upon charges, without giving the licensee notice and an opportunity to be heard; but the point is not here decided."

· If that case is authority for anything, it would simply be that, when *charges are preferred* against a licensee for violation of the law, it would probably be necessary that notice of the pendency of such charges should be given before the question could be examined and license revoked. In this case the statute makes no reference to the hearing of a complaint by the mayor and council, but simply provides that, "the license shall be revoked, by the mayor and council, upon conviction of the licensee of any violation of any law, ordinance, or regulation, pertaining to the sale of such liquors," etc. No trial or investigation could be had. The certificate of the police judge, showing a conviction, of plaintiff in error, was before the council. They had but a simple ministerial duty to perform, in obedience to the plain mandate of the law, and that was to revoke the license. It is stipulated that he was convicted of the offense stated in the certificate of the police judge. It is admitted that the certificate was true. That being the case, no defense could have been made, and no notice was necessary to give the council jurisdiction.

It is insisted that the action of the council should have been by ordinance, and that a simple resolution was not sufficient. We find nothing in the law which would require the passage of an ordinance to revoke this license. It is true, the section provides that the mayor and the city council may by ordinance license, restrain, regulate, or prohibit the traffic in intoxicating liquors; but this, in our opinion, simply means that, in case it is deemed expedient to license the sale of intoxicating liquors, or to restrain, regulate, or prohibit the selling of the same, it is necessary that a general ordinance be enacted for the purpose of governing applications for such licenses, as well as the regula-

tions to be imposed and the action of the officers of the municipality in the matter of the issuance of the license or the regulation of the traffic.    This language of the statute is evidently intended to mean just what is stated by this court in *The State v. Andrews*, 11 Neb., 523, which is, "Under the law of 1881, the traffic in liquors, within the limits of cities and villages, can only be carried on under ordinance, duly passed by the corporate authorities thereof. Until this is done, no application can be made, and no other steps taken towards the procurement of a license to sell liquors within the limits of such corporation." We think it cannot be contended that an ordinance must be passed in each case for the issuance of a license, in order to determine the amount to be paid therefor; but it must be sufficient that, if the ordinance governing the licensing and the sale of intoxicating liquors is complied with by the applicant, the license or permit can be issued by the council. It is provided that any permits issued to a druggist may be revoked by the council at pleasure, and that a license issued by the mayor and council shall be revoked, in case of a violation of the law by the licensee.    I know of nothing in the law, nor in reason, which would require the passage of an ordinance declaring a license or permit revoked, in order to the validity of the action of the council in ordering such revocation.

The contention that the section above referred to is unconstitutional has been sufficiently disposed of already, and we think it needs no further attention.

The last question presented is, that it is not shown by the record that the mayor participated in the act of revoking the license, and therefore the action of the council was void. This proposition was argued at the bar of the court with considerable force, and quite a degree of logic, by the very able counsel representing plaintiff in error, but we cannot adopt his reasoning.    It is stated in the stipulation upon which the cause was tried, that the city council, without notice to

plaintiff in error, pretended to revoke the license granted to him, as shown by the record of the proceedings. This record shows the certificate of the police judge, directed to "The Hon. Mayor and council of the city of Lincoln." It is shown that, upon this certificate of conviction being filed, one of the councilmen introduced the resolution, declaring the license revoked. I quote from this resolution, to-wit, that the "marshal of said city is hereby instructed to see that the saloon kept by said George Martin, under the license, is closed up, and that said clerk is hereby instructed to at once notify said George Martin that said license has been revoked by the mayor and council of the city of Lincoln." There is no suggestion, anywhere, that the mayor was not present in the discharge of his duty, as required by section 20 of the chapter governing cities of the first class. We know of no rule of law that will permit us, in the face of the recital of that resolution, to presume that he was not present at the meeting of the council. The section referred to provides that, "The mayor shall preside at all meetings of the city council." The resolution, in effect, says he was present, and there is no proof that he was not. It is true that, in the stipulation, it is said that the city council revoked the license, but it is equally true that the resolution, showing the presence of the mayor, was made a part of that stipulation. The question, then, as to whether the councilmen, when assembled together, could revoke the license, without the joint action of the mayor, cannot arise in this case.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

COBB, J., concurs.

MAXWELL, J., dissenting.

I am unable to concur in the views of the majority of the court, and will briefly state the reasons for my dissent.

It will be conceded that a license is not property, in the sense that it can be sold or transferred, yet it is a valuable financial right—the right to vend intoxicating liquors according to law. Such a right costs the licensee at least one thousand dollars, and the school fund of the city is benefited to that extent. The city having received this money, certainly must act in good faith with the party licensed, and so long as he keeps within the law he should be protected. He is entitled to be heard before his license is revoked, in order that he may answer the charge made against him. The charge may have been inspired by malice, the prosecution an attempt to extort blackmail, and even the judgment itself, rendered before a single judge without a jury, may have been entirely unauthorized. The license is a valuable thing—property in all but in name—and the licensee, before being deprived of it, is entitled to his day in court. The law is to be construed so as to do justice between the parties, and nothing is gained, either to the cause of temperance or good morals, by excepting cases involving the sale of liquor, alleged to have been sold in violation of law, from the ordinary rules requiring a party to have notice before a judgment is rendered against him. It is the duty of the mayor and council to revoke a license in any of the cases specified, where intoxicating liquor has been sold in violation of law; but such revocation should not take place until the licensee has had an opportunity to make his defense. The scales of justice are in equipoise for all alike, and upon the same terms and conditions.

There is nothing to show that the city council of Lincoln were in regular session, or at an adjourned meeting, or that a special meeting had been called. So far as appears, the councilmen named as voting on the resolution met together and adopted a resolution revoking the license. It may be said, it will be presumed they were in regular session, but no presumptions will be indulged in where, as in this case, the facts are stipulated and the cause submitted to the court

on such stipulation.   We find also that Dailey was absent.
If this was a special meeting it certainly was necessary to
notify him of the proposed meeting, and such notice should
appear on the face of the record.   The case does not differ
materially in that respect from *People v. Peters*, 4 Neb., 254;
*Russel v. State*, 13 Neb., 70.   At common law, where a pub-
lic duty is confided to several persons, it may be performed
by a majority of them; but all must meet or confer or have
notice of the meeting.   *Parrott v. Knickerbocker, etc., Co.,*
8 Abb. Pr. (N. S.), 234.   38 How., 508.   *Plymouth v.
Plymouth County,* 16 Gray, 341.   *Schenck v. Peay,* 1
Woolw., 175.   *People v. Nostrand,* 46 N. Y. (1 Sick.), 375.
*Queen v. Wake,* 8 Ell. & Bl., 384.   *People v. Coghill,* 47
Cal., 361.   *North Carolina R. R. Co. v. Swepson,* 71 N.
C., 350.   *Matter of Gardner,* 41 How. Pr., 255.

There is nothing in the stipulation of facts tending to
show that the mayor was present.   It is conceded in the
majority opinion that his presence was necessary.   I have
carefully examined the stipulation of facts, but have failed
to find anything from which it could be inferred that the
mayor was present.   It does appear that councilman
Burks introduced the resolution, and on motion of coun-
cilman Burks the resolution was adopted, the votes for
and against being set out, but the name of the mayor, or
any one presiding, does not appear.   Nor in fact does it
appear that there was a presiding officer, which leads the
writer to infer that eleven of the councilmen simply met
together, without being in lawful session.   In revoking
a license the action of both the mayor and council is re-
quired.   The act of revocation is that of two agents, one
the city council, and the other the mayor, and the rule is
well established that where an authority is given to two or
more agents to do an act, the act is valid only when all of
them concur in doing it; for the authority is strictly con-
strued, and the power is joint and not several.   Story on
Agency, § 42.   *Inhab. of Parrish in Sutton v. Cole,* 3
Pick., 232.   *Damon v. Inhab. of Granby,* 2 Pick., 345.

*Kupfer v. Inhab. of South Parrish in Augusta*, 12 Mass., 185. *Low v. Perkins*, 10 Vt., 532. *Despatch Line of Packets v. Bellamy M'f'g Co.*, 12 N. H., 226. *Woolsly v. Tompkins*, 23 Wend., 324. *Johnston v. Bingham*, 9 Watts & Serg., 56. *Heard v. March*, 12 Cush., 580. *Cross v. The United States*, 24 Bos. Law Rep., 224. *Rollins v. Phelps*, 5 Minn., 463. *Hartford Fire Ins. Co. v. Wilcox*, 57 Ill., 180.

This revocation was sought to be accomplished by a resolution. This would not seem to be sufficient. A license is granted by an ordinance, and it would seem to be necessary to revoke it in the same way. The mayor and city council constitute the legislature of a city, and, within the limits prescribed by law, may pass ordinances and regulate the affairs of the city. Suppose the legislature of the state should pass a resolution reciting certain facts, and declaring that thereby some law should be repealed. Would such a resolution, upon its passage, even if signed by the governor, have the effect to repeal the law? No one will so contend, nor does the passage of a resolution by a city council have the effect to repeal an ordinance.