T. NINOMIYA, M. OYAMA, T. YOSHIMOTO, T. KI-
KAWA and I. YAMADA v. A. N. KEPOIKAI, Treas-
urer of the Territory.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 18, 1903.        DECIDED OCTOBER 30, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The actions of *de facto* officers, as, for example, a Board of Medical
Examiners, appointed by the Treasurer instead of by the Gov-
ernor, cannot be questioned collaterally.

The Treasurer cannot lawfully revoke licenses of physicians and sur-
geons issued by him on the recommendation of the Board of Health
upon the report of the Board of Medical Examiners, merely be-
cause of a defect in the mode of appointment of the latter Board.

Injunction lies to prevent such revocation by the Treasurer, there
being no plain, adequate and complete remedy at law. *Certiorari*
has not so wide a scope under our statute as at common law.

OPINION OF THE COURT BY FREAR, C.J.

The plaintiffs, on behalf of themselves and others similarly situated, pray for an injunction to prevent the Treasurer (origi-nally the present defendant's predecessor in office, H. E. Cooper, for whom the present defendant has been substituted) from canceling their licenses to practice medicine and surgery. They set forth detailed allegations in their bill to show that they had such licenses lawfully and that the defendant's prede-cessor, the original defendant, had threatened to cancel their

licenses for a particular reason, which they contend is insufficient. The Circuit Judge granted the injunction and the defendant took this appeal.

The statute relating to the practice of medicine and surgery is Act 60 of the Laws of 1896 (Penal L., Secs. 827-835). That statute provided for the issue of a license to an applicant to practice medicine and surgery by the then Minister of the Interior upon the recommendation of the Board of Health made upon the report, after examination, of a Board of Medical Examiners consisting of three licensed physicians appointed by the Minister of the Interior. The office of Minister of the Interior was abolished by the Organic Act (Sec. 8) and his powers and duties distributed, in so far as they were continued, among other officers. To the Treasurer were given, among others, the powers and duties "which relate to licenses" (Sec. 72). But to the Governor was given the power of appointment, with the advice and consent of the Senate, of various specified officers and boards "and any other boards of a public character that may be created by law" (Sec. 80). It does not seem to be disputed that under Section 72 the Treasurer is the one to issue licenses. The sole ground upon which the Treasurer relies for the cancelation of the licenses in question is that the Board of Medical Examiners upon whose report the Board of Health recommended these licenses, upon which recommendations the Treasurer issued the licenses, were appointed by the Treasurer and not by the Governor, as he claims should have been done. The statute provides for a revocation of a license for certain specified causes and upon certain prescribed procedure, but the Treasurer does not claim that he intends to act under that provision.

We will assume that the appointments of the Examiners should have been made by the Governor under Section 80 of the Organic Act. Still, they were *de facto* officers and therefore their acts, within the scope of the powers of such officers, cannot be thus collaterally attacked. *Ex parte Ward*, 173 U. S. 456; *Hind v. Wilder's Steamship Co.*, 14 Haw. 215, and cases there cited. That the Examiners were *de facto* officers there

can be no doubt. There were *de jure* offices. There was considerable color of law for the appointments by the Treasurer, in view of Section 72 of the Organic Act and of the provision of Act 60 of the Laws of 1896 itself that the appointments should be made by the Minister of the Interior notwithstanding a provision of the Constitution of 1894 similar to that above quoted from Section 80 of the Organic Act. Such officers had been previously appointed by the Minister. Those in question had been appointed by the Treasurer and had acted for nearly a year and a half, during which period at different times they had examined and reported on the petitioners respectively. No question had been raised by any one, so far as appears, as to the validity of their appointments or their acts. No others claimed to be such officers.

It is contended, secondly, on the authority of *Gaertner v. City of Fond du Lac,* 34 Wis. 497, that this is not a proper case for an injunction because there is a proper remedy at law by *certiorari.* But *certiorari* would not lie in a case like the present under our *certiorari* statute (Civ. L., Secs. 1624-1634) which greatly limits the common law scope of such writs. That case also was brought, not, like this, to prevent the revocation of the license, but to prevent interference with the business after the license had been revoked, though this may, perhaps, not be a material distinction. It seems to us that in the present case the petitioners have not a plain, adequate and complete remedy at law and the injunction was properly issued. See *Wood v. City of Brooklyn,* 14 Barb. 425; *Castle v. Kapena,* 5 Haw. 27.

The decree appealed from is affirmed and the case remanded to the Circuit Judge.

*Hartwell & Bigelow* for plaintiffs.

*Geo. A. Davis* for defendant.